Dear Ms. Jones:
On behalf of the City of Baton Rouge, you request the opinion of this office concerning the following legal issue:
 1. Would it be a violation of the dual officeholding provisions of the state law for a member of the Metropolitan Council of the City of Baton Rouge, Parish of East Baton Rouge, to accept a full or part-time appointive office, or full or part-time employment with the state or federal government?
The resolution of your inquiry initially requires reference to the definitions section of the Dual Officeholding and Dual Employment Law of the state, LSA-R.S. 42:61, et seq., which provide in pertinent part:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by the governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
 * * * * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The position of member of the Metropolitan Council of the City of Baton Rouge, Parish of East Baton Rouge, is an elective office. Those offices and employments which may not be held concurrently with a local elective office are provided in LSA-R.S. 42:63, stating:
 A. No person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state. However, a person holding employment in the government of the United States and at the same time holding an appointive office in a political subdivision of the state shall not be in violation of this Subsection, unless the particular nature of his employment in combination with the duties and interests of his appointive office in a political subdivision of this state is otherwise prohibited by this Part or is found to be adverse to the public interest as set forth in LSA-R.S. 42:61.
 B. Except as otherwise provided by the Louisiana constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
 F. No person holding an elective office in any branch of state government shall contract, on a full-time basis, to provide health or health-related services for any agency of state government. No person engaged in a contract on a full-time basis, with any agency of state government to provide health or health-related services shall hold an elective office in any branch of state government.
To paraphrase, it is prohibited to hold local elective office and state-full time appointive office; (LSA-R.S. 42:63(D)); state full-time employment (LSA-R.S. 42:63(D)); state part-time employment (LSA-R.S. 42:63(D)); or federal office or employment (LSA-R.S. 42:63(A)). It is permissible for one to hold local elective office and state part-time appointive office, as the law does not prohibit this arrangement. Our conclusion remains the same, whether the employment is classified or unclassified.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Ms. Veronica R. Jones Assistant Parish Attorney 222 St. Louis Street P.O. Box 1471 Baton Rouge, LA 70821
Date Received:
Date Released: November 9, 1994
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL